**Sasikumar MURUGAMOORTHY, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71726.

Agency No. A79–144–415.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 3, 2004.

Decided March 16, 2004.

Jesse A. Moorman, Judith L. Wood, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, WWS-District Counsel, Seattle, WA, Marion E. Guyton, Nancy E. Friedman, Washington, DC, for Respondent.

Before NOONAN and KLEINFELD, Circuit Judges, and WHITE,* District Judge.

MEMORANDUM**

This is a streamlined case in which we review the decision of the immigration judge ("IJ").[1] Under *INS v. Elias–Zacarias*[2] and *Ghebllawi v. INS*,[3] we review

---

* The Honorable Jeffrey S. White, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 8 C.F.R. § 1003.1(a)(7); *see Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir.2003).

2. *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *see also Prasad v. INS*, 47 F.3d 336, 338–39 (9th Cir.1995).

3. *Ghebllawi v. INS*, 28 F.3d 83, 85 (9th Cir. 1994).

the entire administrative record to see if substantial evidence supports the IJ's adverse credibility finding.[4] We may only reverse the IJ in favor of the petitioner if "the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution," or the requisite probability of persecution or torture upon removal.[5]

Sasikumar Murugamoorthy, a 22–year-old male Tamil, alleged at his asylum hearing that he had been arrested and beaten three times by the Sri Lankan army for his suspected connections with the Liberation Tigers of Tamil Eelam, or the Tamil Tigers. The testimony at the hearing did not comport with the statement Murugamoorthy gave at the Honolulu airport, where he attempted to enter the United States, or with the letter his uncle wrote in support of Murgamoorthy's asylum application. The airport statement and the uncle's statement, because they are inconsistent Murugamoorthy's testimony, amount to substantial evidence that supports the IJ's adverse credibility finding and defeats his asylum and withholding of removal claims.[6] In *Singh v. INS,*[7] the variance between the airport statement and the testimony was an insufficient basis for the adverse credibility determination because the translator did not speak the applicant's language. But that problem does not arise in this case. Moreover, the IJ properly engaged in the separate CAT analysis that

*Kamalthas v. INS* requires,[8] and substantial evidence supports his determination that it is not more likely than not that Murugamoorthy will be tortured if returned to Sri Lanka.[9]

Petition **DENIED.**

NOONAN, Circuit Judge, dissenting.

I respectfully dissent.

---

4. *Salaam v. INS*, 229 F.3d 1234, 1238 (9th Cir.2000).

5. *Elias–Zacarias*, 502 U.S. at 483–84; *Gomez–Saballos v. INS*, 79 F.3d 912, 914 (9th Cir. 1996).

6. *Salaam v. INS*, 229 F.3d 1234, 1238 (9th Cir.2000); *see* INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A); INA § 241(b)(3); 8 U.S.C. § 1231(b)(3); *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

7. *Singh v. INS*, 292 F.3d 1017, 1021–22 (9th Cir.2002).

8. *Kamalthas v. INS*, 251 F.3d 1279, 1283–84 (9th Cir.2001).

9. 8 C.F.R. §§ 1208.16, 1208.18; *Al–Saher v. INS*, 268 F.3d 1143, 1146–47 (9th Cir.2001).

